UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Sierra Petroleum Company, Inc.,

        Plaintiff,

vs.

YSM, Inc., and Mohamed Kwara,

        Defendants.        Civ. No. 07-1526 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion for Sanctions.  A telephonic Hearing on the Plaintiff's Motions was conducted on November 29, 2007, at which time, the Plaintiff appeared by Mark Blumstein, and Russell S. Ponessa, Esqs., and the

Defendants appeared by Richard M. Carlson, Esq.   In addition, Mohamed Kwara appeared on his own behalf.

For reasons which follow, we recommend that Default Judgment be entered against the Defendants, as an appropriate sanction for their refusal to participate in the discovery process, as required by the Federal Rules of Civil Procedure, and the Local Rules of this Court, and for their disobedience to our prior Order.[1]

## II.   Factual and Procedural Background

By way of brief background, and as previously outlined in our Minute Order of October 25, 2007, see, Docket No. 26, this action arises from a Complaint by Sierra Petroleum Company, Inc. ("Sierra"), an Illinois corporation, against YSM, Inc. ("YSM"), a Minnesota corporation, which operates a gasoline station in Greenwood, Minnesota, and against Mohamed Kwara ("Kwara"), who is a Minnesota citizen and the President of YSM.   See, Complaint, Docket No. 1.   The parties' dispute arises from an agreement between the parties, in which YSM was to purchase gasoline for

---

[1]The Plaintiff also moved for an amendment of our Pretrial Order so as to allow its Motion for Summary Judgment to be heard outside of the time allowed for Dispositive Motions.   See, Docket No. 27.   Since the time of the Hearing on the Motion, the District Court, has stricken the Hearing on the Motion, and has advised that it will consider the parties' arguments on their Motion papers.   Accordingly, we recommend that the Plaintiff's Motion to Amend the Pretrial Order be denied as moot.

- 2 -

its station from Sierra.  Sierra asserts that YSM has failed to pay for the gasoline, as required by the parties' agreement, and now owes it $131,633.76.[2]  Sierra further contends that Kwara personally guaranteed the payment of YSM's debts to Sierra. Based upon that alleged debt, Sierra asserts various State law claims against YSM, and Kwara, in this diversity action, so as to recover the payment of the amount assertedly due.  On April 26, 2007, the Defendants filed a joint Answer, denying some of the allegations, and asserting, in part, that Kwara's personal guarantee was limited to debts incurred after the date of its execution.  See, Docket No. 11.

On October 5, 2007, Sierra filed a Motion to Compel Discovery, based upon the failure of YSM, and Kwara, to respond to its Interrogatories and Requests for the Production of Documents, which were served on August 27, 2007, and upon the Defendants' failure to appear for a deposition, which it had noticed for August 31, 2007.  See, Docket No. 18.  The Defendants did not file any written response to Sierra's Motion to Compel, which was confirmed by counsel for the Defendants at the Hearing, who advised that he had no excuse for the failure of the Defendants to

---

[2]Although Sierra's Complaint asserts a slightly higher amount, we use the figure that is presently advanced by Sierra, as the amount owing to it.  See, Plaintiff's Motion for Summary Judgment, Docket No. 33, at 2; Plaintiff's Memorandum in Support, Docket No. 34, at 5; Declaration of James A. Moran, Docket No. 36.

comply with Sierra's discovery requests, except for financial ones -- apparently, one or both of the Defendants was/were considering bankruptcy.  On October 25, 2007, we granted Sierra's Motion, and directed the Defendants to respond to Sierra's discovery requests, and produce themselves for depositions, within two (2) weeks.[3] See, Minute Order, Docket No. 26.  We also warned the Defendants that, if they disobeyed our Order, without substantial justification, Sierra would be permitted to seek the imposition of appropriate sanctions.  Id. at 4.

Sierra alleges that, notwithstanding our Order, the Defendants have continued in their failure to respond, in any responsible manner, to Sierra's discovery requests, or to appear for their re-noticed depositions.  See, Plaintiff's Motion for Sanctions, Docket No. 39, at 2; Plaintiff's Memorandum in Support, Docket No. 40, at 2-3. In addition, Sierra advises that the Defendants have not offered any excuse, or justification, for their failure to participate in discovery.[4]  See, Plaintiff's Memorandum in Support, supra at 3.  Accordingly, on November 8, 2007, Sierra filed its present

---

[3]We also awarded Sierra its costs, that were incurred in advancing its Motion to Compel.

[4]Indeed, Sierra informs us that it made a good faith effort to contact the Defendants, in order to learn if they had any excuse or justification for their failure to comply with our Order, but that the Defendants failed to respond even to that communication.  See, Plaintiff's Motion for Sanctions, Docket No. 39, at 3.

Motion for Sanctions, seeking the entry of a Default Judgment against the Defendants, based on their failure to participate in this action.   The Defendants did not file any written response to Sierra's Motion.

At the Hearing on Sierra's Motion, the Defendants did not deny their failure to comply with our previous Order, nor did they offer any justification for that failure. Moreover, they did not raise any objection to the propriety of Sierra's requested discovery, or noticed depositions, and they did not disclose any intention to respond to Sierra's discovery requests in the immediate future.   In fact, counsel for the Defendants advised that Kwara had directed him to refrain from taking any action on behalf of the Defendants.[5]   Instead, Kwara informed us that he was out of business, and out of money, and that he wanted to file for bankruptcy, but was unable to afford the expense involved.   Kwara also claimed that he had not understood the dates, that were contained in Sierra's Notice of Motion, see, <u>Docket No. 41</u>, due to his difficulty in understanding English, and that he incorrectly believed the Hearing on Sierra's

---

[5]Counsel for the Defendants filed a Motion to Withdraw from his representation of the Defendants, which we heard on December 11, 2007.  See, <u>Docket Nos. 46, 48 and 50</u>.  In a Minute Order dated December 12, 2007, see, <u>Docket No. 51</u>, we denied counsel's Motion.

Motion for Sanctions was not scheduled until January of 2008.[6]  He also asserted that he had attempted to set up a payment plan, with Sierra, for what he believed to be his outstanding debt, but that Sierra had not cooperated with his proposal.  Even when specifically asked, Kwara provided no justification for his failure to appear for a deposition, or to respond to Sierra's discovery requests, notwithstanding our prior Order.

We now turn to the Plaintiff's Motion.

### III.  Discussion

The Plaintiff's Motion for Sanctions.

A.   Standard of Review.   Rule 37(b)(2), Federal Rules of Civil Procedure, allows the Court to impose sanctions upon those parties who fail to comply with discovery Orders, but a Default Judgment may only be considered as a sanction if there is:  (1) an Order compelling discovery; (2) a willful violation of that Order; and (3) prejudice to the other party.  See, Keefer v. Provident Life and Acc.

---

[6]In fact, a Hearing had been scheduled on Sierra's Motion for Summary Judgment, before the District Court, the Honorable Patrick J. Schiltz presiding, for January 4, 2008, see, Docket Nos. 33, 37, but, owing to the Defendants' failure to file any responsive documents, that Hearing has been stricken.  See, Docket No. 52, and text entry on December 28, 2007.

Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000), citing Schoffstall v. Henderson, 223 F.3d

818, 823 (8th Cir. 2000); see also, Mems v. City of St. Paul, Dep't of Fire and Safety

Servs., 327 F.3d 771, 779 (8th Cir. 2003).   Further, "a district court has wide

discretion to impose sanctions for a party's failure to comply with discovery

requests."  United States v. Big D Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999);

see also, Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999)(Rule 37 "gives a district

court broad authority to impose sanctions for failure to respond to discovery

requests."); Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992)("Rule

37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing

a parties' action, or striking pleadings or entering a default judgment against the

abusive litigant.").

　　However, "[t]he court's 'discretion is bounded by the requirement of Rule

37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to

provide discovery.'"  Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 719

(8th Cir. 2002), quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558

(1992).  The sanction of a Default Judgment is authorized under a combination of

Rules 37(d), and 37(b)(2)(C), Federal Rules of Civil Procedure, upon the failure of a

party to attend his own deposition, or upon his failure to respond to Interrogatories

or Requests for Production of Documents.  In this respect, Rule 37(d) provides as follows:

> If a party * * * fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. * * * In lieu of any order or in addition thereto, the court shall require the party failing to act * * * to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

As the Rule abundantly makes clear, the available sanctions, under Rule 37(d), for a party's failure to attend a deposition, or to respond to Interrogatories, are discretionary.  See, Boardman v. Nat'l Med. Enterprises, 106 F.3d 840, 843 (8th Cir. 1997); Hazen v. Pasley, 768 F.2d 226, 229 (8th Cir. 1987).

Among the possible sanctions are those enumerated in Rule 37(b)(2)(A), (B) and (C), and Rule 37(b)(2)(C) authorizes the entry of a Default Judgment in the following terms:

If a party or an officer, director, or managing agent of a party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule[,] * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: * * *

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or **rendering a judgment by default against the disobedient party**.

[Emphasis added].

Notwithstanding the broad discretion authorized by the applicable Rules, within this Circuit, the sanction of a Default Judgment is recognized as a harsh means of relief, which is reserved for those instances where the discovery abuses are committed in bad faith, or are deliberate, intentional, or willful.  See, Boogaerts v. Bank of Bradley, supra at 768, citing, in part, Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 640 (1976); Savola v. Webster, 644 F.2d 743 (8th Cir. 1981)(where sanction of dismissal or default is imposed, range of discretion is more narrow, and the losing party's noncompliance must be due to willfulness or bad faith), citing Societe Internationale v. Rogers, 357 U.S. 197, 209 (1958).

- 9 -

"There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, see, e.g., Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980), particularly when monetary damages sought are substantial." Swink v. City of Pagedale, 810 F.2d 791, 792 n.2 (8th Cir. 1987), cert. denied, 483 U.S. 1025 (1987), citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §2693, at 482-85 (2d ed. 1983).   Accordingly, entry of Judgment by Default is a drastic remedy which should be used only in extreme situations.  See, Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir.), cert. denied, 392 U.S. 928 (1968); see also, Int'l Bhd. of Elec. Workers v. Hope Elec. Corp., 380 F.3d 1084, 1105 (8th Cir. 2004)(District Court did not abuse discretion in imposing severe sanction of striking Answer and entering a Default Judgment, where defendant improperly objected to discovery requests as burdensome and provided only partial responses); Federal Deposit Ins. Corp. v. Manatt, 723 F. Supp. 99, 106 (E.D. Ark. 1989).

"Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." Lee v. Bhd. of Maint. of Way Employees, 139 F.R.D. 376, 381 (D. Minn. 1991), citing 10 Charles A. Wright, Arthur R. Miller

& Mary K. Kane, <u>Federal Practice and Procedure</u> §2682, at 411 (2d ed. 1983).  In the final analysis, Default Judgments are not favored in the law, and the entry of such a Judgment is only appropriate when there has been a clear record of delay or contumacious conduct.  See, <u>United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993); <u>Taylor v. City of Ballwin, Missouri</u>, 859 F.2d 1330, 1332 (8th Cir. 1988).

In our view, the entry of a Default Judgment should be a "rare judicial act." <u>Comiskey v.  JFTJ Corp.</u>, 989 F.2d 1007, 1009 (8th Cir. 1993), citing <u>Edgar v. Slaughter</u>, 548 F.2d 770, 773 (8th Cir. 1977).  In appropriate circumstances, however, where delay, inattention, inadvertence, or the like, has become inordinate, an entry of Default serves a needed and useful purpose.  See, <u>Flaksa v. Little River Marine Constr. Co.</u>, supra at 887 ("It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.")[footnote omitted].

   B. <u>Legal Analysis</u>.  We remain hesitant to impose the blunt remedy of a Default Judgment, and particularly so when the noncompliant party has refused the assistance of its counsel before this Court.  However, even if Kwara were acting <u>pro</u>

se, his "pro se status [would] not entitle him to disregard the Federal Rules of Civil Procedure[.]"   Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002), quoting Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993); see also, Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).   Moreover, the circumstances before us are indisputable that the Defendants' refusal to respond to any of the discovery requests of Sierra was entirely volitional, and without excuse, cause or justification.

We could accept a challenge to the propriety of discovery, a request to the Court for protection from discovery which was unduly burdensome or oppressive, or a good faith effort to respond to discovery -- even if the effort was admittedly less than complete, or technically untimely.   Here, however, the Defendants offer no explanation for their refusal to participate in this action, despite our Order, which directed them to respond to Sierra's discovery, and to appear for depositions. Although the Defendants claim that financial concerns have precluded them from participation, we forewarned the Defendants, in our previous Order, that such financial hardships, as critical to the Defendants as they may seem, are no bar to discovery -- indeed, we are unable to fathom what significant financial burdens would have been imposed by responding, in paper, to Interrogatories and Requests for Documents, or

in appearing at a duly noticed deposition -- and the Defendants have not disclosed any.

We are confronted with the direct disobedience of this Court's Order, which was without excuse, justification, or defense.   If parties were free to ignore, or disregard, the lawful Orders of the Court, the judicial processes would be substantially undermined, and faith in the Court's ability to pursue justice would be doubted.  We conclude that, in this instance, any lesser sanction, such as awarding costs, would be insufficient to persuade the Defendants to participate in this action, and abide by the Rules that govern all, given that our previous imposition of costs, in favor of Sierra, for its Motion to Compel, had no perceivable effect on the Defendants' deliberate choice to ignore their obligation to respond to discovery, or to appear for depositions. Indeed, the Record reveals no attempt by the Defendants to cooperate with Sierra's efforts at discovery, nor have Kwara's representations, at the Hearing, persuaded us that he, or his corporation, will be cooperative in the future.  We believe that the sanction of a Default Judgment was designed to address the rare occasions, such as this, where the noncompliant party admits his disobedience, provides no justification, and makes no offer to correct his behavior.

- 13 -

We are not aware of any authority which would require the Court to plead, persuade, or cajole, a party into participating in litigation, in order to present his alleged defenses.   Moreover, we are struck by the inequity that arises when the discovery period, in this action, closed on September 28, 2007, see, Docket No. 17, without the Defendants having responded to any of Sierra's discovery and, insofar as the Court's file would reflect, without undertaking any discovery on their own behalf.   This is not simply an excusable, marginal failure to meet a discovery deadline.   See, Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998); Ackra Direct Mktg. Corp. v. Fingerhut Corp., supra at 856; United States on Behalf of and for the Use of Time Equip. Rental & Sales, Inc. v. Harre, supra at 130.   The Defendants have clearly evinced an unyielding disinterest in asserting their defenses against Sierra, and we see no reason, either in law or equity, to delay what appears to be the inevitable conclusion of this action.   To prolong this proceeding would unduly burden the administration of justice, and the time and resources of both Sierra, and this Court.   Accordingly, we recommend that a Default Judgment be entered against the Defendants, as a sanction for their willful disobedience of our Order, and for their deliberate decision to ignore Sierra's requests for discovery.

As damages, Sierra claims that YSM and Kwara owe $125,365.49, jointly and severally, for unpaid deliveries of gasoline, exclusive of any interest, fees, or expenses. In support of its claim, Sierra has submitted a Declaration from James A. Moran, the Vice President of Sierra, and copies of invoices for its gasoline deliveries.  See, Docket No. 36, at ¶¶9, 11, and Exhibit A.  Sierra also seeks prejudgment interest at five percent, pursuant to Minnesota Statutes Section 549.09, and its attorney's fees and costs.  See, Sierra's Motion for Sanctions, supra at 3.  The amounts alleged by Sierra have gone unrebutted by the Defendants, although Kwara argued, at the Hearing, that he personally guaranteed only part of the amount allegedly owed.[7]  Since the Defendants have effectively abandoned all of their previously claimed defenses, Sierra should not be caused to incur further expense in pursuing its claims.

We conclude that a Hearing is not required on Sierra's claimed damages, and interest, as those claims relate to our recommendation for Default Judgment, given the undisputed, and well-founded evidence proffered by Sierra.  However, we direct counsel for Sierra to submit, for our in camera review, their time entries for which attorney's fees are being sought, their customary hourly billing rate, and a listing of the

---

[7]A copy of Kwara's personal guarantee has been submitted by Sierra as Exhibit C to the Declaration of James A. Moran.  See, Docket No. 36.

- 15 -

costs which were expended in bringing the Motion.  In counsel's transmittal letter to the Court, the costs and expenses being sought should be recited, as totals, in order that the Defendants may object to Sierra's request, but without causing Sierra to waive any attorney/client or work product privileges.  Any objection from the Defendants must be served, and filed, within five (5) days after receipt of Sierra's transmittal letter. Thereafter, we will issue a recommendation on the amount of attorney's fees and costs to be awarded to Sierra.

NOW, THEREFORE, It is --

RECOMMENDED:

1.    That the Motion of the Plaintiff to Amend the Pretrial Order [Docket No. 27] be denied as moot.

2.    That the Motion of the Plaintiff for Sanctions [Docket No. 39] be granted.

3.    That the Clerk of Court be directed to strike the Defendants' Answer, and to enter a default against the Defendants.

4.    That the Clerk of Court be directed to enter a Default Judgment against the Defendants, jointly and severally, in the amount of $125,365.49, exclusive of interest, fees, costs, and expenses.

5.    That the Clerk of Court be directed to compute prejudgment interest, at the rate of five percent, pursuant to Minnesota Statutes Section 549.09, Subdivision 1.

6.    That the Defendants be directed to pay the Plaintiff's costs, fees, and expenses, in an amount to be determined.

Dated:  January 2, 2008                     s/Raymond L. Erickson
                                            Raymond L. Erickson
                                            CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 18, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

- 17 -

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 18, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.